[Cite as *Bank of Am. v. Kuchta*, 2012-Ohio-5562.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

BANK OF AMERICA

    Appellee

    v.

GEORGE M. KUCHTA, et al.

    Appellants

C.A. No.    12CA0025-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    10CIV1003

DECISION AND JOURNAL ENTRY

Dated: December 3, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellants, George and Bridget Kuchta, appeal from the judgment of the Medina County Court of Common Pleas, denying their motion for relief from judgment. This Court reverses.

I

{¶2} In 2002, Appellants financed a purchase of property in Hinckley, Ohio. Appellants executed a promissory note for $650,000 in favor of Wells Fargo and secured the note by a mortgage granting a security interest in the property to Wells Fargo.

{¶3} On June 1, 2010, Bank of America filed a complaint in foreclosure, in which it claimed to be the holder of the promissory note executed by Appellants in 2002. The note did not contain any indorsements. Bank of America attached a copy of the mortgage and promissory note. On June 10, 2010, Wells Fargo executed an Assignment of Mortgage. The Assignment states that Wells Fargo "does hereby sell, assign, transfer and set over unto Bank of America * *

*, a certain mortgage from [Appellants] * * *, together with the Promissory Note secured thereby and referred to therein; and all sums of money due and to become due thereon, and secured by the following real estate * * *." This assignment was recorded on June 23, 2010.[1]

{¶4} On July 2, 2010, Appellants filed an answer pro se, in which they argued that the complaint failed to show that Bank of America owned or was assigned their mortgage.

{¶5} Subsequently, Bank of America filed a motion for summary judgment and an affidavit of Herman John Kennerty in support. Kennerty, the Vice President of Loan Documentation for Wells Fargo, the servicing agent for Bank of America, stated that Bank of America is the holder of Appellants' promissory note and mortgage and attached a copy of the Assignment of Mortgage. Appellants did not oppose the motion for summary judgment.

{¶6} Throughout the following year, "the [c]ourt conducted numerous settlement conferences in an attempt to avoid foreclosure and secure a loan modification for [Appellants]." In June 2011, Bank of America determined that Appellants did not qualify for a loan modification. Shortly thereafter, the court granted Bank of America's motion for summary judgment and scheduled the property for a Sheriff's sale on September 29, 2011. No appeal was filed.

{¶7} On September 23, 2011, Appellants filed a motion to vacate judgment pursuant to Civ.R. 60(B). The court denied their motion on September 29, 2011. That same day, Appellants filed for bankruptcy, and the case was stayed until the bankruptcy action was

---

[1] Attached, as exhibit C, to its affidavit in support of its motion for summary judgment is a copy of the Assignment of Mortgage. The cover page from the Medina County Recorder's office notes the filing date as June 23, 2010, the document type as an assignment, and the number of pages as five. We note, however, that the following pages are not incorporated into that cover page or date stamped. Appellants do not challenge the filing of the Assignment.

terminated in March 2012. Appellants now appeal from the court's denial of their motion to vacate judgment and raise one assignment of error for our review.

II

Assignment of Error

IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY APPELLANTS' 60(B) MOTION TO VACATE WITHOUT HOLDING A HEARING[.]

{¶8} In their sole assignment of error, Appellants argue the court erred by denying their motion for relief from judgment without holding a hearing. We agree.

{¶9} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶10} To prevail on a motion for relief from judgment the moving party must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A moving party is not automatically entitled to a hearing on a motion for relief

from judgment. *FirstMerit Bank, N.A. v. Reliable Auto Body Co.*, 169 Ohio App.3d 50, 2006-Ohio-5056, ¶ 10 (9th Dist.). "[I]f the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶11} A trial court's decision to deny a motion for relief from judgment without holding a hearing is reviewed for an abuse of discretion. *Id*. at 152. *Accord Somani v. Dillon*, 9th Dist. No. 2839, 1994 WL 189773, *1 (May 18, 1994). An abuse of discretion implies that the court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} One of Appellants' arguments is that Bank of America did not have a valid assignment of the mortgage at the time the complaint was filed, and therefore, lacked standing to bring the foreclosure suit. The Ohio Supreme Court has addressed this issue in a recent decision, *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, Slip Opinion No. 2012-Ohio-5017.

{¶13} "The Ohio Constitution provides in Article IV, Section 4(B): 'The courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law.'" (Emphasis sic.) *Schwartzwald* at ¶ 20.

> Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a personal stake in the outcome of the controversy.

(Internal quotations omitted) *Id*. at ¶ 21, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). Standing is a jurisdictional matter and, therefore, must be established at the time the complaint is filed. *Schwartzwald* at ¶ 24.

{¶14} If, at the commencement of the action, a plaintiff does not have standing to invoke the court's jurisdiction, the plaintiff cannot "cure the lack of standing * * * by [subsequently] obtaining an interest in the subject of the litigation and substituting itself as the real party in interest [pursuant to Civ.R. 17(A)]." *Id*. at ¶ 39. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id*. at ¶ 40.

{¶15} In light of the Ohio Supreme Court's recent decision, we conclude Appellants' "Civ.R. 60(B) motion contain[ed] allegations of operative facts which would warrant relief from judgment." *See Seidner*, 76 Ohio St.3d at 151. We reverse and remand the case so that the trial court may apply *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, Slip Opinion No. 2012-Ohio-5017.

III

{¶16} Appellants' assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MARC E. DANN and GRACE DOBERDRUK, Attorneys at Law, for Appellants.

SCOTT A. KING and TERRY W. POSEY, JR., Attorney at Law, for Appellee.