[Cite as *EMC Mtge. Corp. v. Atkinson*, 2013-Ohio-782.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss:<br>) | NINTH JUDICIAL DISTRICT |

| EMC MORTGAGE CORPORATION | C.A. No.     25968 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| ROBERT W. ATKINSON, JR., et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CV 2003 04 2401 |

## DECISION AND JOURNAL ENTRY

Dated: March 6, 2013

---

BELFANCE, Judge.

**{¶1}** Defendant-Appellant Robert Atkinson, Jr. appeals from the ruling of the Summit County Court of Common Pleas denying his Civ.R. 60(B) motion. For the reasons set forth below, we vacate the judgment and remand the matter for proceedings consistent with this opinion.

I.

**{¶2}** The relevant history of this matter has been previously summarized in a prior appeal:

EMC Mortgage Corporation ("EMC") brought a foreclosure action against Robert Atkinson. In October 2008, EMC and Mr. Atkinson signed an Agreed Judgment Decree, which the trial court entered as its judgment. Under the terms of the Agreed Judgment Decree, Mr. Atkinson promised to pay EMC $18,000 by December 15, 2008. If he did not, EMC could immediately execute on the Agreed Judgment Decree. Mr. Atkinson did not pay EMC $18,000 by December 15, 2008, but attempted to send the payment in February 2009. When EMC rejected the payment and executed on the Agreed Judgment Decree, Mr. Atkinson moved for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. Following a hearing, the trial court determined that equity required it

to modify the Agreed Judgment Decree to change the due date for the payment from December 15, 2008, to February 12, 2009. EMC [] appealed, arguing that the trial court incorrectly modified the Agreed Judgment Decree. Mr. Atkinson [] cross-appealed, arguing that the court should have held an evidentiary hearing on his motion for relief from judgment. We reverse[d] because the trial court did not have inherent equitable power to modify the decree and it failed to determine whether Mr. Atkinson was entitled to relief under Civil Rule 60(B).

*EMC Mtge. Co., Inc. v. Atkinson*, 9th Dist. No. 2567, 2011-Ohio-59, ¶ 1.

{¶3} Upon remand, the trial court conducted a hearing on Mr. Atkinson's Civ.R. 60(B) motion. The trial court, thereafter, issued an entry denying Mr. Atkinson's motion. Mr. Atkinson appealed, raising a single assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT'S MAY 9, 2011, JUDGMENT ENTRY DENYING MR. ATKINSON'S CIVIL RULE 60(B) MOTION TO VACATE WAS CONTRARY TO LAW; AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; AND/OR CONSTITUTED AN ABUSE OF DISCRETION AND MUST BE REVERSED.

{¶4} Mr. Atkinson asserts in his sole assignment of error that the trial court erred in denying his Civ.R. 60(B) motion to vacate the agreed judgment decree. We agree that Mr. Atkinson is entitled to relief from judgment.

{¶5} Upon review of the record on appeal, this Court questioned whether EMC had standing to file an action in foreclosure at the time it filed its complaint. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 28. Thus, this Court issued an order requiring EMC to respond and demonstrate its standing. EMC failed to do so.

{¶6} The Supreme Court of Ohio has recently held that "[s]tanding is a jurisdictional matter and, therefore, must be established at the time the complaint is filed." *Bank of Am. v. Kuchta,* 9th Dist. No. 12CA0025-M, 2012-Ohio-5562, ¶ 13, citing *Schwartzwald* at ¶ 24. "The

lack of standing at the commencement of a foreclosure action requires dismissal of the complaint[.]" *Schwartzwald* at ¶ 40. "[H]owever, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id.* As EMC has not established it had standing to bring this action at the time it filed its complaint in foreclosure, the judgment against Mr. Atkinson cannot stand. *See id.; Kuchta* at ¶ 15.

{¶7} In light of the foregoing, we can only conclude that Mr. Atkinson is entitled to have the agreed judgment entry of foreclosure vacated. *See Kuchta* at ¶ 15. Further, the matter is remanded so that the trial court can apply *Schwartzwald*.

### III.

{¶8} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter so that the trial court can apply *Schwartzwald*.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                                         _____

                                                         EVE V. BELFANCE
                                                         FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

ERIC T. DEIGHTON, Attorney at Law, for Appellee.