[Cite as *Deutsche Bank Natl. Trust Co. v. Finney*, 2013-Ohio-4884.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deutsche Bank National Trust Co., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-198 (C.P.C. No. 08CVE-09-12623) |
| Bradley Finney et al., | : | |
| Defendants-Appellants. | : | (REGULAR CALENDAR) |
| Deutsche Bank National Trust Company in its Capacity as Indenture Trustee for the Noteholders of Aames Mortgage Investment Trust 2005-2, a Delaware Statutory Agent, | : : : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-373 (C.P.C. No. 08CVE-09-12623) |
| Bradley Finney et al., | : | |
| Defendants-Appellants. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on November 5, 2013

*Manley Deas Kochalski, LLC,* and *Matthew J. Richardson,* for appellee.

*Doucet & Associates Inc.*, *Troy J. Doucet* and *Audra Lepi Tidball,* for appellants.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendants-appellants, Bradley Finney and Michele Finney ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas denying their

motion to vacate a default mortgage foreclosure judgment granted in favor of plaintiff-appellee, Deutsche Bank National Trust Co. in its Capacity as Indenture Trustee for the Noteholders of Aames Mortgage  ("Deutsche Bank").  Appellants also appeal an order confirming a sheriff's sale of the mortgaged real property.  For the reasons that follow, we affirm.

### Facts and Case History

{¶ 2}   On September 3, 2008, Deutsche Bank initiated this action by filing a complaint naming appellants as defendants.  Deutsche Bank alleged in its complaint that, in February 2005, appellants had executed a promissory note and a mortgage; the appellants had defaulted on making payments as required by the note and mortgage; and the amount of unpaid principal on the note was $263,546.79, plus interest dating from May 1, 2008.  Deutsche Bank further alleged in the complaint that the promissory note was "currently owned or being serviced by Plaintiff," but had been "misplaced and cannot be located at this time." (Complaint, ¶ 2.)  It attached to the complaint a copy of a mortgage executed by appellants, which named as mortgagee Aames Funding Corporation, dba Aames Home Loan ("Aames").   Deutsche Bank sought a judgment awarding it monetary damages as well as an order of foreclosure and sale of the property.

{¶ 3}   Appellants were served summons and a copy of the complaint on or about September 1, 2008 but did not timely file an answer to the complaint. On October 15, 2008, Deutsche Bank moved for default judgment.  It contemporaneously filed an affidavit executed by one of its employees, which included as exhibits copies of what Deutsche Bank represented to be true and accurate copies of the original note and mortgage.  The attached mortgage named Aames as the mortgagee and the attached note similarly named Aames as the lender to whom appellants were required to make payments.   The affiant further stated that Deutsche Bank had custody of both the note and mortgage and was entitled to enforce the mortgage; appellants had defaulted on their obligations; and Deutsche Bank had given notice of that default to appellants.

{¶ 4}   On November 18, 2008, the trial court entered judgment in favor of Deutsche Bank and ordered foreclosure and sale of the real property.  Appellants did not timely appeal the foreclosure judgment.   Ultimately, the sheriff scheduled sale of the

property for March 13, 2009.  However, on March 13, 2009, Deutsche Bank moved the court to vacate the order of sale, and the court granted the motion on the same day.

{¶ 5}　Thereafter, Deutsche Bank on multiple occasions, i.e., in September 2009, November 2009, March 2010, and January 2012, took steps to accomplish sale of the property.  On each of these occasions, however, scheduled sheriff's sales were stayed either at the bank's request or as the result of action taken by the appellants, including their filing of bankruptcy petitions.

{¶ 6}　On November 13, 2012, Deutsche Bank again took steps to procure a sheriff's sale of the property.  On December 4, 2012, over four years after the court entered the default judgment of foreclosure, appellants filed a motion requesting the court grant them relief from judgment "pursuant to common law and/or Civ.R. 60(B)(5)." (Dec. 4, 2012 motion, 1.)  The motion cited the decision of the Supreme Court of Ohio in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, and asserted that the trial court had lacked subject-matter jurisdiction to enter the default judgment because Deutsche Bank "lacked standing at the time the Complaint was filed." (Dec. 4, 2012 motion, 1.)  While the motion was pending, the sheriff scheduled sale of the property for March 1, 2013.

{¶ 7}　On February 28, 2013, the trial court denied appellants' motion for relief from judgment and denied a pending motion filed by appellants to stay the March 1 sale.  The court cited, inter alia, *PNC Bank, N.A. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 22, for the proposition that lack of standing of a foreclosure plaintiff does not implicate the subject-matter jurisdiction of the court. (Feb. 28, 2013 Decision, 5, 6.)

{¶ 8}　On March 1, 2013, the sheriff conducted a public sale of the real estate, and Deutsche Bank submitted the highest and best bid for the property in the amount of $195,000.  On March 8, 2013, appellants moved the court to stay confirmation of the sheriff's sale.  They asserted that the Ninth District Court of Appeals had certified to the Supreme Court of Ohio a conflict of one of its decisions, *Bank of America, N.A. v. Kuchta*, 9th Dist. No. 12CA-25-M, 2012-Ohio-5562, with our decision in *Botts.*  On April 2, 2013, the court granted appellants' motion to stay confirmation of the sheriff's sale contingent upon appellants posting a supersedeas bond.  The record does not reflect the posting of a supersedeas bond and, on April 17, 2013, the trial court confirmed the sheriff's sale.

{¶ 9}     Appellants timely appealed the trial court's decision denying its motion to vacate the default judgment of foreclosure.

{¶ 10}    In this appeal, appellant asserts the following assignments of error:

> [1.]  The trial court erred in denying the Finney's common law motion for relief from Judgment because Deutsche lacked standing at the time the complaint was filed, rendering the underlying judgment void for lack of subject matter jurisdiction.

> [2.]   The trial court erred in confirming the sheriff's sale without notice to the Finneys in violation of Local Rule 25.01.

### *Standard of Review*

{¶ 11}    Appellants' original motion for relief from judgment was filed "pursuant to common law and/or Civ.R. 60(B)(5)."  Appellants do not argue in this court, however, that the trial court abused its discretion in failing to grant them relief pursuant to Civ.R. 60(B). They argue instead that the trial court should have used its inherent authority under the common law to vacate a void judgment.  Accordingly, we address only that argument.

{¶ 12}    Appellants contend that the trial court lacked subject-matter jurisdiction to enter the default judgment because Deutsche Bank did not demonstrate that it had standing as the real party in interest at the time it filed the foreclosure action.  Appellants argue that the default judgment was, therefore, void ab initio.  They further contend that the court has inherent authority to vacate a void judgment irrespective of the three requirements of Civ.R. 60(B) as established in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), i.e., demonstration of one of the grounds for relief described in Civ.R. 60(B)(1) through (5); a meritorious defense; and timeliness.

{¶ 13}    We recognize that a "judgment rendered by a court lacking subject-matter jurisdiction is void *ab initio*" and that "authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraphs three and four of the syllabus. Moreover, a "judgment" issued by a court that lacks subject-matter jurisdiction is a nullity. *Id.* at 71.  *Accord Freedom Mtge. Corp. v. Mullins*, 10th Dist. No. 08AP-761, 2009-Ohio-4482, ¶ 19  ("[A] judgment rendered without subject matter jurisdiction is * * *  a nullity and void ab initio * * * [;] the authority to vacate such void judgments originates from the

inherent power possessed by Ohio courts, not Civ.R. 60(B)[;] * * * and the trial court's determination of a common-law motion to vacate does not turn on Civ.R. 60(B)'s requirements that the movant file timely and present a meritorious defense." (Citations omitted.)).

{¶ 14} We apply an abuse-of-discretion standard of review when considering a trial court ruling on a Civ.R. 60(B) motion. The question whether a trial court possessed subject-matter jurisdiction to adjudicate any particular case, however, is a question of law subject to de novo review. *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶ 19 (10th Dist.) ("We review the issue of subject-matter jurisdiction de novo."). We, therefore, consider de novo the parties' arguments as to whether the trial court had subject-matter jurisdiction to enter default judgment against appellants.

*Analysis*

{¶ 15} The parties in this case disagree as to the correct interpretation of the decision of the Supreme Court of Ohio in *Schwartzwald*. Appellants argue that *Schwartzwald* stands for the proposition that a common pleas court lacks *subject-matter* jurisdiction over a foreclosure action where the plaintiff lacked standing to bring the action at the time the complaint was filed. Appellants further argue that the trial court, in their case, never possessed subject-matter jurisdiction because Deutsche Bank did not demonstrate that it was the real party in interest with standing to assert rights arising from the note and mortgage that appellants signed. They argue that our prior decision in *Botts* is inconsistent with *Schwartzwald* and, therefore, must be overruled.

{¶ 16} Appellants contend that the word "jurisdiction" refers to either subject-matter jurisdiction or personal jurisdiction. They suggest that the Supreme Court of Ohio in *Schwartzwald* clearly was not referring to personal jurisdiction throughout its analysis and that the court was, instead, necessarily referring to subject-matter jurisdiction. We agree that it appears the Supreme Court was not referring to personal jurisdiction. However, we disagree that the Supreme Court was referring to subject-matter jurisdiction.

{¶ 17} In addition to personal jurisdiction and subject-matter jurisdiction, the Supreme Court has also recognized what it characterized as a "third category of jurisdiction":

> The term "jurisdiction" is also used when referring *to a court's exercise of its jurisdiction over a particular case.* **See** *State v.*

> *Parker,* 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, ¶ 20 (Cook, J., dissenting); *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. " 'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses *the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction.* It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.' "

(Emphasis added.)  *Pratts v. Hurley,*  102 Ohio St.3d 81, 2004-Ohio-1980,¶ 12.

{¶ 18}  Consistent with this third use of the word "jurisdiction," Deutsche Bank argues that a court of common pleas has subject-matter jurisdiction when the matter alleged is within the class of cases in which a particular court has been empowered to act. *State v. Filiaggi*, 86 Ohio St.3d 230, 240 (1999). It cites *Pratts* for the proposition that, once subject-matter jurisdiction exists, any trial court error thereafter is an error in the court's exercise of jurisdiction, resulting in a judgment that is voidable on timely direct appeal, but not void ab initio.

{¶ 19}  Deutsche Bank asserts that its foreclosure complaint alleged cognizable cause of action within the subject-matter jurisdiction of the court of common pleas, i.e., foreclosure.  It argues that *Schwartzwald*'s references to "jurisdiction" contemplate a question of a court's jurisdiction *over a particular case*—not the court's underlying subject-matter jurisdiction—and that an error in exercising jurisdiction over a particular case because the plaintiff lacked standing renders a court's judgment in the case voidable on direct appeal but not void so as to be subject to collateral attack following the expiration of time for appeal.  It argues that, in *Pratts*, the Supreme Court observed that the term "jurisdiction"  " 'encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.' " * * * "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.' "  (Citations omitted.)  *Pratts* at ¶ 10-12.  Deutsche Bank notes that, in *Schwartzwald*, "the term 'jurisdiction' appears twenty-

two times, but only once does the term 'subject matter jurisdiction' appear, and only in a quotation for a plurality decision from the Court from 1998[.]"  (Appellee's Brief, 7.)

{¶ 20}  Accordingly, Deutsche Bank defends this court's decisions in *Botts*, as well as a subsequent Tenth District decision in *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636.  Deutsche Bank contends that *Botts* and *Whiteman* are consistent with the law established by the Supreme Court of Ohio in *Pratts* and that the Supreme Court did not change that law in *Schwartzwald.*  It further contends that the default judgment is now res judicata and that appellants may not raise issues concerning the bank's alleged lack of standing in a post-judgment motion.

{¶ 21}  In *Botts* at ¶ 22-23, we relied on *Washington Mut. Bank v. Beatley*, 10th Dist. No. 06AP-1189, 2008-Ohio-1679, for the proposition that lack of standing does not challenge the subject-matter jurisdiction of the court.  In *Whiteman*, at ¶ 27-28, citing *Wells Fargo Bank, N.A., v. Brandle*, 2d Dist. No. 2012CA0002, 2012-Ohio-3492, ¶ 20, we followed *Botts* and held that "[a] lack of standing does not deprive a court of subject-matter jurisdiction."

{¶ 22}  Appellants encourage us to overrule our holdings in *Botts* and *Whiteman.* They further point to Ohio Constitution, Article IV, Section 4(B), which provides:

> The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law.

{¶ 23}  Appellants argue that: (1) this constitutional provision states that a court of common pleas has original jurisdiction over all justiciable matters; (2) a legal action filed by a party who lacks standing is not justiciable; and therefore (3) a court lacks subject-matter jurisdiction over a legal action in which the plaintiff lacks standing.  We reject this syllogism which we deem to be misleading and, if accepted, makes the subject-matter jurisdiction of a court dependent upon the existence of standing of a plaintiff. Justiciability does not confer subject-matter jurisdiction.

{¶ 24}  Rather, we recognize that subject-matter jurisdiction is not dependent upon the justiciability of any particular case.  The fact that a case is justiciable does not necessarily mean that a particular court has subject-matter jurisdiction over it, e.g, a case brought in a municipal court in Ohio that exceeds the monetary jurisdiction limits set by

statute or a case brought in the Court of Claims that does not name the State of Ohio as a defendant. Similarly, a court may have jurisdiction over the subject-matter of a case and yet not be empowered to adjudicate it to final judgment for reasons particular to that case, including the lack of standing of the plaintiff. Where an action is brought by a plaintiff who lacks standing, the action is not justiciable because it fails to present a case or controversy between the parties before it. *See State ex rel. Keller v. Columbus*, 164 Ohio App.3d 648, 2005-Ohio-6500, ¶ 19 (10th Dist.) (" 'For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties.' " (Citations omitted.)). But the court's lack of "jurisdiction," i.e., its ability to properly resolve a particular action due to the lack of a real case or controversy between the parties, does not mean that the court lacked subject-matter jurisdiction over the case.

{¶ 25} The Supreme Court of Ohio has found the decision of the Ninth District Court of Appeals in *Kuchta* to be in conflict with our decision in *Botts* on the following issue:

> When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment.

*Bank of Am., N.A. v. Kuchta,* Sup. Ct. of Ohio case No. 2013-0304.

{¶ 26} In resolving that issue, the Supreme Court may provide additional guidance as to the proper interpretation of *Schwartzwald.* In the interim, we follow the precedent this court has established at ¶ 22 of *Botts* and ¶ 27 of *Whiteman* that "a lack of standing does not deprive a court of subject matter jurisdiction." We conclude that a default judgment issued in a case in which the plaintiff lacked standing is, at best, voidable and not void. Accordingly, although possessing inherent authority to vacate a void judgment, the trial court in the case before us correctly refused to exercise that inherent authority because the default judgment was not void. The trial court did not err in overruling appellant's common law motion to vacate the default judgment.

{¶ 27} We therefore overrule appellants' first assignment of error.

{¶ 28} In their second assignment of error, appellants argue that the trial court erred in signing an entry confirming the sheriff's sale that was prepared by counsel for

Deutsche Bank but was not first submitted to appellant's counsel, as prescribed by Franklin County Court of Common Pleas Loc.R. 25.01.

{¶ 29} This court has held that a trial court has discretion in enforcing Loc.R. 25.01, as it is the trial judge who ultimately determines, and is responsible for, the content of the entry. *Sain v. Roo*, 10th Dist. No. 01AP-360 (Oct. 23, 2001), citing *Whitehurst v. Perry Twp.*, 114 Ohio App.3d 729, 736 (10th Dist.1996) and *Jackson Twp. v. Stickles*, 10th Dist. No. 95APC09-1264 (Mar. 21, 1996). R.C. 2329.31 provides that the common pleas court shall confirm a sheriff's sale if it finds that "the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code." Appellants do not argue that the sale failed to comply with any of those statutory provisions. We, therefore, find no abuse of trial court discretion in signing and entering the confirmation of sale prepared by Deutsche Bank's counsel. Appellants have not demonstrated that they were prejudiced thereby.

{¶ 30} Accordingly, we overrule appellants' second assignment of error.

***Conclusion***

{¶ 31} Having overruled both of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

O'GRADY and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____