O’Neill, J.,
dissenting.
*82 {¶ 26} I dissent. I would affirm the Ninth District’s decision to remand this case to the trial court for application of Fed. Home Loan Mtge. Corp. v. Schwartzwald, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. While it is axiomatic that Civ.R. 60(B)(3) is not a substitute for appeal, it is nonetheless clear that in this matter, Bank of America simply lacked standing to invoke the jurisdiction of the common pleas court under Schwartzwald in the first place. I disagree with the majority’s reasoning that the lack of a justiciable controversy between the parties does not affect the subject-matter jurisdiction of the court. That is a proposition that threatens the very foundation of our judicial system. Courts exist to resolve real controversies between real parties in interest. Nothing more.
{¶ 27} At the trial-court level, the Kuchtas, who appeared pro se, unequivocally asserted that the bank did not have standing to file the complaint in foreclosure. It was error for the trial court to allow the proceedings to go forward, but go forward they did. The Ninth District, having read this court’s recently released decision in Schwartzwald, correctly found that the Kuchtas’ Civ.R. 60(B) motion contained sufficient allegations of operative facts to warrant a hearing, citing State ex rel. Richard v. Seidner, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996), and correctly remanded the case to the trial court for application of Schwartz-wald. Bank of Am. v. Kuchta, 9th Dist. Medina No. 12CA0025-M, 2012-Ohio-5562, 2012 WL 5994285. It was an abuse of discretion for the trial court to deny the Kuchtas a hearing on their Civ.R. 60(B)(3) motion for relief from judgment.
{¶ 28} More than once in Schwartzwald, we stated that standing is a jurisdictional requirement. Schwartzwald at ¶ 22, 24, 27, and 38. This court unanimously agreed that it is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. Id. at ¶ 41. This court repeatedly emphasized that standing must exist at the time of filing of the complaint, id. at ¶ 24, 25, and that lack of standing cannot be cured by postfiling events, such as the receipt of an assignment of the claim or by substitution of the real party in interest. Id. at ¶ 26, 27, 37, 38, and 41.
{¶ 29} But in this case, the majority holds that Bank of America’s lack of standing to initiate the foreclosure action at the time of filing of the complaint “does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief.” Majority opinion at ¶ 23.
{¶ 30} Wdiat does this rule mean in practical terms? Does it mean that if the defendant in any given case fails to challenge standing on appeal, then the standing issue is forfeited in favor of the party who did not have standing to invoke the jurisdiction of the common pleas court in the first place?
*83 Thompson Hiñe, L.L.P., Scott A. King, and Terry W. Posey Jr., for appellant.
Dann, Doberdruk & Harshman, Grace M. Doberdruk, Marc E. Dann, Daniel M. Solar, and James R. Douglass, for appellees.
Andrew M. Engel Co., L.P.A., and Andrew M. Engel; and Mills, Mills, Fiely & Lucas, L.L.C., and John Sherrod, urging affirmance for amici curiae Joseph and Lori LaPierre.
Ohio Poverty Law Center, L.L.C., and Linda Cook; Southeastern Ohio Legal Services and Peggy P. Lee; Legal Aid Society of Southwest Ohio, L.L.C., and Noel M. Morgan; Advocates for Basic Legal Equality, Inc., and Andrew D. Neuhauser, urging affirmance for amici curiae Ohio Poverty Law Center, L.L.C.,
{¶ 31} The majority’s reliance on Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, is misplaced at a minimum. Rather, application of Pratts to this case demands exactly the opposite outcome. Pratts was a habeas corpus action stemming from a capital case in which, after waiving his right to a jury trial, Pratts submitted his guilty plea to a single judge rather than a three-judge panel as required by statute. Pratts at ¶ 2-3. The Pratts court determined that the statutory errors committed by the trial court did not divest the court of its subject-matter jurisdiction. Id. at ¶ 36.
{¶ 32} There was no dispute in Pratts that the case was properly commenced in the common pleas court. However, that is precisely the issue in this case, since this case was not properly commenced. On June 1, 2010, the date Bank of America filed the complaint, it was not the holder of either the mortgage or the note. The assignment of the mortgage was not complete until at least June 10, 2010. Thus, on the date the complaint was filed there was no injury, and therefore as a matter of law no justiciable controversy, between Bank of America and the Kuchtas. See also Sckwartzwald at ¶ 28. As a result the court was without jurisdiction to consider — much less rule on — this complaint. Any judgments the trial court rendered on this complaint were void and subject to attack at any time. Pratts at ¶ 11.
{¶ 33} The Ninth District got this case right when it concluded that the Kuchtas’ Civ.R. 60(B)(3) motion contained sufficient operative facts to warrant a hearing and remanded the ease to the trial court for application of Sckwartzwald. Instead of affirming the Ninth District, this court goes to great lengths to preserve a void judgment. And in so doing, it undermines this court’s own rule in Sckwartzwald and creates uncertainty in foreclosure cases that will operate in favor of careless banks while eroding the rule of law in Ohio. I dissent.
Pfeifer, J., concurs in the foregoing opinion.
*84 Southeastern Ohio Legal Services, Legal Aid Society of Southwest Ohio, L.L.C., and Advocates for Basic Legal Equality, Inc.