[Cite as *Deutsche Bank Natl. Trust Co. v. Santisi*, 2013-Ohio-5848.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF11, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2013-T-0048** |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| ISABELLE SANTISI, et al., | : | |
| | : | |
| Defendant-Appellant, | | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2006 CV 3433.

Judgment: Affirmed.


*Scott A. King* and *Terry W. Posey, Jr.,* Thompson Hine, L.L.P., Austin Landing 1, 10050 Innovation Drive, Suite 400, Dayton, OH 45342 and *Steven L. Sacks*, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Philip Zuzolo* and *Patrick B. Duricy*, Zuzolo Law Office, LLC, 700 Youngstown Warren Road, Niles, OH 44446 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1}    Defendant-appellant, Isabelle Santisi, appeals from the April 12, 2013 Judgment Entry of the Trumbull County Court of Common Pleas, denying her Motion to Vacate the July 1, 2009 Amended Decree of Foreclosure. The issues before this court are whether plaintiff-appellee, Deutsche Bank National Trust Company's, alleged lack of

standing rendered the Decree of Foreclosure void ab initio and whether the court had subject matter jurisdiction. For the following reasons, we affirm the judgment of the court below.

{¶2} On December 29, 2006, Deutsche Bank filed a Complaint in Foreclosure in the Trumbull County Court of Common Pleas against Isabelle Santisi, the Trumbull County Treasurer, and John Doe, as Santisi's spouse.

{¶3} The plaintiff, captioned as Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust, c/o Wells Fargo Bank, N.A., alleged that it was "the holder and owner of a note, a copy of which is attached hereto." Deutsche Bank further alleged that the note and the mortgage securing the note were in default. A copy of the mortgage, attached to the Complaint and re-recorded (due to spelling errors)[1] on November 27, 2006, identifies "First Franklin, A Division of National City Bank of Indiana," as the lender. The Complaint stated that the mortgage was "subsequently assigned" to Deutsche Bank. A copy of the note was also attached, identifying First Franklin as the lender.

{¶4} On January 11, 2007, the Trumbull Country Treasurer filed his Answer and Consent to Decree in Foreclosure.

{¶5} On February 12, 2007, Deutsche Bank filed an Affidavit of Status of Account, sworn to by Sean Nix, identified in the affidavit as "Vice President [of] Loan Documentation with Wells Fargo Bank, N.A. as servicing agent for Deutsche Bank." Nix attested that, by virtue of his employment, he "has the custody of and has personal knowledge of the accounts of said company, and specifically with the account of

---

1. The mortgage was originally recorded on June 16, 2006.

2

Isabelle Santisi." Nix stated that "the account is in default" and that the principal balance owed by Santisi was $285,000.00.

**{¶6}** Also on February 12, 2007, Deutsche Bank filed a Motion for Default Judgment against Santisi.

**{¶7}** On June 14, 2007, the trial court issued a Judgment and Decree in Foreclosure. The court determined that Santisi was properly served and was "in default of * * * Answer." The court found that "the allegations contained in the Complaint are true," Santisi owed the balance of $285,000.00, and "the conditions of [the] Mortgage have been broken and plaintiff is entitled to have the equity of redemption of the defendant-titleholders foreclosed."

**{¶8}** In response to a motion by filed by Deutsche Bank, the trial court issued a July 1, 2009 Entry Amending Decree in Foreclosure Nunc Pro Tunc, making the finding that Deutsche Bank was entitled to recover advances made to Santisi totaling $10,848.39.

**{¶9}** On October 18, 2010, Santisi filed a Motion for Stay of Execution of Sheriff's Sale and requested that the matter be scheduled for mediation.

**{¶10}** On the same date, the trial court ordered the case stayed and scheduled the matter for mediation.[2]

**{¶11}** On January 5, 2012, the stay was lifted following a hearing.

**{¶12}** On July 24, 2012, Santisi filed a Motion to Vacate Judgment as Void Ab Initio and 60(B) Motion to Vacate Judgment. Santisi asserted that Deutsche Bank did not file its recorded assignment of the mortgage until February 6, 2007, over a month

---

2. A second motion for a stay was filed on October 19, 2010, and the court issued a second order staying execution of the sale and ordering mediation on October 20, 2010.

after the Complaint was filed. Based on these facts, Deutsche Bank did not have standing at the time of the filing of the Complaint and the judgment of foreclosure was void due to a lack of subject matter jurisdiction.

{¶13} On July 26, 2012, the trial court denied the Motion to Vacate.

{¶14} On February 19, 2013, Santisi filed a Motion to Vacate the July 1, 2009 Amended Decree of Foreclosure. She argued that under the recent Ohio Supreme Court case of *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, Deutsche Bank was required to demonstrate standing as of the date of the Complaint and failed to do so. Deutsche Bank filed a response on April 8, 2013, asserting that Santisi did not establish grounds for granting a 60(B) motion.

{¶15} The trial court denied the Motion to Vacate in an April 12, 2013 Judgment Entry. The court found that since Deutsche Bank attached the note, which contained a blank indorsement, to the Complaint, the jurisdiction of the court was properly invoked at the time of the filing of the Complaint. The court also held that Santisi was unable to satisfy the requirements of Civ.R. 60 on any grounds that would entitle her to relief from judgment.

{¶16} Santisi timely appeals and raises the following assignments of error:

{¶17} "[1.] Plaintiff/Appellee failed to present an affidavit or any other record evidence sufficient to meet its burden to establish it had standing to pursue a foreclosure action and, as such, is unable to properly invoke the jurisdiction of the common pleas court or support its motion for default judgment.

{¶18} "[2.] Plaintiff-Appellee failed to establish standing as there was no admissible evidence to explain material inconsistencies regarding the promissory note."

4

{¶19} In her first assignment of error, Santisi argues that Deutsche Bank failed to present an affidavit or other evidence to meet the burden of showing that it had standing to pursue a foreclosure action and, therefore, did not properly invoke the jurisdiction of the court to grant the Motion for Default Judgment and enter a Decree of Foreclosure. She asserts that mere possession of the note did not satisfy the jurisdictional requirements and that the Decree is void ab initio.

{¶20} Deutsche Bank argues that Santisi has waived any arguments related to standing and that it established standing by being the holder of the note, which was indorsed in blank.

{¶21} "An appellate court reviews a judgment entered on a Civ.R. 60(B) motion for an abuse of discretion." *Am. Express Bank, FSB v. Waller*, 11th Dist. Lake No. 2011-L-047, 2012-Ohio-3117, ¶ 11. A determination as to whether the trial court has subject-matter jurisdiction, however, is a question of law reviewed de novo. *Smith v. Dietelbach*, 11th Dist. Trumbull No. 2011-T-0007, 2011-Ohio-4308, ¶ 14.

{¶22} The issue in this case is whether the trial court had jurisdiction to issue the Decree of Foreclosure, based on Deutsche Bank's alleged lack of standing. There is no defect in Deutsche Bank's standing on the face of the record before us. The Complaint alleged that Deutsche Bank was "the holder and owner of a note, a copy of which is attached" to the Complaint and noted that, following the recording of the mortgage, it was "subsequently assigned to the plaintiff herein." As Santisi did not deny these averments in a responsive pleading, they must be taken as "admitted." Civ.R. 8(D).

{¶23} Deutsche Bank asserted its standing to foreclose the mortgage by alleging that it was "the holder and owner of a note" in its Complaint. This allegation is legally sufficient to establish Deutsche Bank's standing to foreclose. The holder of a note has

5

standing to foreclose. *See Cent. Mtge. Co. v. Webster*, 2012-Ohio-4478, 978 N.E.2d 963, ¶ 29-36 (5th Dist.); *U.S. Bank, N.A. v. Turner*, 6th Dist. Erie No. E-11-059, 2012-Ohio-3413, ¶ 12 ("by pleading inter alia that it was the *holder* of a note secured by a mortgage, U.S. Bank satisfied the pleading requirements of Civ.R. 8(A) for its foreclosure claim").

{¶24} Additionally, as was asserted by Deutsche Bank, it also provided evidence of standing by virtue of holding the note, which contained an indorsement in blank, at the time the Complaint was filed. A blank indorsement is "an indorsement that is made by the holder of the instrument and that is not a special indorsement." R.C. 1303.25(B). "When an instrument is endorsed in blank, [i.e., it does not identify the payee,] the instrument becomes payable to bearer and may be negotiated by transfer of possession alone." *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, ¶ 37, citing R.C. 1303.25(B). *See CitiMortgage, Inc. v. Patterson,* 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 22 ("possession of the bearer paper that secured the defendants' mortgage" made the plaintiff a holder, with standing to enforce the note).

{¶25} While there may be some argument as to whether a copy of the note in Deutsche Bank's possession, with the indorsement in blank by First Franklin, was satisfactory to meet the standing requirement, we again emphasize that this case involves default judgment, that Deutsche Bank met the pleading requirements, and that any such specific standing arguments should have been raised in a responsive pleading or direct appeal, as will be discussed further.

{¶26} At no point during the course of these proceedings was Deutsche Bank required to establish its standing beyond the allegations of the Complaint. This court

has recognized: "A default judgment is 'based upon admission and * * * therefore obviates the need for proof.'" *Schmidt v. Brower*, 11th Dist. Ashtabula No. 2010-A-0014, 2010-Ohio-4431, ¶ 20, citing *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 122, 502 N.E.2d 599 (1986); *Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, ¶ 38 ("[w]hen a defendant fails to answer, default judgment is appropriate because liability has been admitted or 'confessed' by the omission of statements in a pleading refuting the plaintiff's claims").

{¶27} Santisi cites *Schwartzwald* as justification for her arguments regarding Deutsche Bank's lack of standing. In that case, the Ohio Supreme Court held that a mortgagee did not have standing to invoke the jurisdiction of the common pleas court "because it failed to establish an interest in the note or mortgage at the time it filed suit." *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 28; *Patterson*, 2012-Ohio-5894, at ¶ 21 ("a party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note"). In the present case, Deutsche Bank established its interest in both the note and the mortgage, which was not disputed by Santisi prior to judgment, and, thus, properly invoked the lower court's jurisdiction.

{¶28} Further, *Schwartzwald* is distinguishable from this case, in that it did not involve a default judgment. The court did not have before it the issue of whether standing was deemed admitted by the defendant and, thus, established by the filing of the Complaint, as is the case here.

7

**{¶29}** Santisi failed to properly contest Deutsche Bank's standing. The Complaint was filed on December 29, 2006. Santisi failed to answer or appear. On February 12, 2007, Deutsche Bank moved for default judgment. On June 14, 2007, the trial court entered its Judgment and Decree in Foreclosure. The Decree in Foreclosure was a final judgment. Santisi did not file her first Motion to Vacate until July 24, 2012, five years after the initial June 14, 2007 Decree of Foreclosure, and three years after the Amended Decree of Foreclosure. She filed her second Motion to Vacate, which forms the basis of the present appeal, on February 19, 2013.

**{¶30}** As described above, Santisi failed to file both a response during the proceedings and a direct appeal. Her 60(B) motion was also untimely. She cannot now raise a challenge under Civ.R. 60(B) or additional arguments as to why the indorsement in blank was not sufficient to meet the standing requirements. *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383, ¶ 19 (the defendant should have contested standing in an appeal from the decree of foreclosure rather than "raising it in a belated Civ.R. 60(B) motion").

**{¶31}** A default judgment "is a final determination of the rights of the parties." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). It is well established that "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal" from a final judgment. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus.

**{¶32}** Further, we note that this was Santisi's second Motion to Vacate/Civ.R. 60(B) Motion. "[R]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same

8

grounds or based upon facts that could have been raised in the prior motion." (Citation omitted). *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8.

**{¶33}** While Santisi argues that the alleged lack of standing deprived the court of its subject-matter jurisdiction and that this issue can be raised at any time, we disagree.

**{¶34}** *Schwartzwald* states that "standing to sue is required to invoke the jurisdiction of the common pleas court," but did not state that the common pleas court lacked subject-matter jurisdiction where a party lacked standing to sue. 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 24. In fact, there is "a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10.

**{¶35}** "Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." (Emphasis omitted.) *Steel Co. v. Citizens for a Better Environment* (1998)*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210. "The term encompasses jurisdiction over the subject matter and over the person. * * * Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." (Citations omitted.) *Pratts* at ¶ 11. "It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." (Citations omitted). *Id.* at ¶ 12.

**{¶36}** In the present case, as in *Schwartzwald*, the trial court had subject matter jurisdiction of the action and the parties. Assuming, arguendo, that Deutsche Bank improperly invoked that jurisdiction by lacking the requisite standing to sue, the court's judgment is merely voidable, not void ab initio. *State v. Filiaggi*, 86 Ohio St.3d 230, 240,

9

714 N.E.2d 867 (1999) ("[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present[;] [a]ny subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance") (citation omitted).

{¶37} Thus, Santisi's argument that the underlying judgment is void is incorrect. *Botts*, 2012-Ohio-5383, at ¶ 22 ("[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court") (citation omitted). On this issue, *Schwartzwald* stated that "the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings." 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 22 (citation omitted). The key words are "during the pendency of the proceedings." In *Countrywide Home Loans Servicing, L.P. v. Nichpor*, the Ohio Supreme Court made it clear that, after a judgment entry grants a decree of foreclosure and order of sale, the matter is no longer pending. 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, syllabus. As noted above, the challenge to standing in this case was not raised until several years after the Decree of Foreclosure was filed and became final.

{¶38} Further, allowing Santisi to prevail on a standing claim raised over five years after the filing of the Complaint and the Decree of Foreclosure essentially permits her to challenge the issue of standing at any time, potentially in perpetuum. Deutsche Bank properly pled its standing to enforce the note; the foreclosure was not contested; judgment was entered; and no appeal was taken. Santisi argues that she is entitled to vacate that judgment, simply because Deutsche Bank failed to respond to an argument that was never raised during the course of the proceedings. If the present judgment

10

may be declared void, then virtually every default judgment ever entered in a foreclosure action may be found void, unless the plaintiffs happened to have introduced affirmative evidence of their standing to bring suit beyond the allegations of the complaint.

{¶39} The first assignment of error is without merit.

{¶40} In her second assignment of error, Santisi asserts that Deutsche Bank presented inconsistent evidence to show that standing existed. Specifically, she argues that the recording of the assignment of the note and mortgage did not occur until after the filing of the Complaint.

{¶41} As discussed extensively above, there is no basis to challenge standing through a Civ.R. 60(B) motion in this case. Regardless, the fact that the assignment was not recorded until after the filing of the Complaint is not inconsistent with a prior assignment or transfer of the note, either of which is sufficient to confer standing. Also, as discussed above, the possession of the note with the blank indorsement further establishes that Deutsche Bank had standing, which was not disputed with a responsive pleading. *See U.S. Bank, N.A. v. McGinn*, 6th Dist. Sandusky No. S-12-004, 2013-Ohio-8, ¶ 21 (the fact that the mortgage was assigned after the filing of the complaint was not "fatal" to the foreclosure action when the bank could establish standing through demonstrating the transfer of the note prior to the date the complaint was filed).

{¶42} The second assignment of error is without merit.

{¶43} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, denying Santisi's Motion to Vacate the July 1, 2009 Amended Decree of Foreclosure, is affirmed. Costs to be taxed against appellant.

11

TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion,

COLLEEN MARY O'TOOLE, J., dissents.

_____

TIMOTHY P. CANNON, P.J., concurring.

{¶44} I concur with most of the majority's judgment in this case. However, I disagree with any suggestion in the majority opinion that a Civ.R. 60(B) motion cannot be utilized to challenge standing in every case.

{¶45} Civ.R. 60(B) is applicable only to final orders of the trial court. There is no reason to carve out an exception for final judgments that are attacked for lack of standing. However, a Civ.R. 60(B) motion for lack of standing must comply with the well-established precedent that it be timely filed and present a meritorious defense. *See GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151 (1976). In this case, appellant did not comply with either requirement.

{¶46} It is not sufficient to simply allege appellee had no standing. In this case, appellee alleged that it owned the note at the time the complaint was filed. When appellant failed to answer this allegation, it was deemed admitted. If appellant obtained information that this allegation was not true, i.e., establishing appellee did not have authority to invoke the jurisdiction of the trial court at the inception of the case, it would clearly be a meritorious defense. If a meritorious defense was established and timely raised, it should be considered as would any other Civ.R. 60(B) challenge to a final order. However, that did not occur in this case. Therefore, I concur with the judgment.

12