[Cite as *Bank of Am. N.A. v. Miller*, 2014-Ohio-2932.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP, | ) ) ) ) ) | CASE NO. 13 CA 894 |
| PLAINTIFF-APPELLEE, | ) ) | OPINION |
| V. | ) ) | |
| ANGELA L. MILLER, AKA ANGELA LEE SHINGLETON AKA ANGELA LEE MILLER, ET AL., | ) ) ) ) | |
| DEFENDANTS-APPELLANTS. | ) ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
Pleas of Carroll County, Ohio
Case No. 12CVE27322

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Attorney Jason A. Whitacre
Attorney Laura C. Infante
Attorney Stefanie L. Deka
4500 Courthouse Blvd., Suite 400
Stow, Ohio 44244

For Defendants-Appellants      Attorney Marc E. Dann
Attorney Grace M. Doberdruk
Attorney Daniel Solar
4600 Prospect Avenue
Cleveland, Ohio 44103

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: June 24, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Angela Miller, a.k.a. Angela Shingleton (Shingleton) appeals the decision of the Carroll County Common Pleas Court denying her common-law motion to vacate a default judgment issuing a decree of foreclosure for plaintiff-appellee Bank of America, N.A., Successor by merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP (Bank of America).

{¶2} On January 19, 2007, Shingleton signed a note for $44,080. The lender was Countrywide Home Loans, Inc. The note was secured by a mortgage on the real property located at 409 Wilson Street, Malvern, Ohio 44644. Shingleton and her then-husband, Eric J. Miller, each signed the mortgage. Miller's signature reflects that he was "signing to release dower."

{¶3} In June 2007, following the dissolution of Shingleton's and Miller's marriage, Miller quitclaimed his dower interest in the property to Shingleton. The mortgage was later assigned from Countrywide Home Loans, Inc. to Bank of America. Shingleton subsequently defaulted on the note.

{¶4} On September 28, 2012, Bank of America filed the present foreclosure action against Shingleton in Carroll County Common Pleas Court. Attachments to Bank of America's foreclosure complaint included copies of the note and the mortgage. The note reflected that it was endorsed in blank. Also attached to the complaint was an assignment of the mortgage from Countrywide Home Loans, Inc. to Bank of America executed on December 2, 2011, and recorded on December 27, 2011.

{¶5} Shingleton did not make an appearance in the case or otherwise file any response to the Bank of America's foreclosure complaint. Bank of America filed a motion for default judgment. The trial court granted Bank of America default judgment on January 8, 2013.

{¶6} The trial court confirmed the sheriff's sale of the property on June 6, 2013, and the Sheriff's Deed was recorded on June 19, 2013.

**{¶7}** Shingleton retained counsel and on August 8, 2013, filed a motion to stay her eviction from the property and a common-law motion to vacate the default judgment of foreclosure. The trial court immediately stayed the eviction proceedings. In her motion to vacate, Shingleton argued that Bank of America lacked standing to file the foreclosure action. Shingleton argued that Bank of America alleged itself as successor by merger, but failed to attach the merger documents to its foreclosure complaint. Shingleton also pointed out that Countrywide Home Loans, Inc. was the originator of the loan whereas Bank of America alleged itself to be a successor by merger of Countrywide Home Loans Servicing, LP, implying that this somehow affected its present alleged status as holder of the note and mortgage. Shingleton cited to *Wells Fargo Bank N.A. v. Horn*, 9th Dist. No. 12CA010230, 2013-Ohio-2374, for the proposition that failure to attach merger documentation to the foreclosure complaint in order to demonstrate standing deprives the court of subject matter jurisdiction.

**{¶8}** Bank of America filed a brief in opposition to Shingleton's common-law motion to vacate. Shingleton followed with a reply brief. On September 23, 2013, the trial court denied Shingleton's motion to vacate, concluding that *Horn* was inapplicable to this case because the note was indorsed in blank and the mortgage had been assigned directly to Bank of America. Additionally, the court found that Shingleton had not filed the motion within a reasonable amount of time and that there was no meritorious defense to the foreclosure action, implicitly finding that Bank of America had standing to file the foreclosure action. The trial court also continued the stay it previously granted while Shingleton pursued this appeal.

**{¶9}** Shingleton's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT ANGELA LEE SHINGLETON'S COMMON LAW MOTION TO VACATE AND USED A 60(B) MOTION TO VACATE STANDARD IN ITS ANALYSIS[.]

**{¶10}** Bank of America was required to be either the holder of the note *or* to have been assigned the mortgage prior to the foreclosure complaint being filed. *CitiMortgage v. Loncar,* 7th Dist. No. 11 MA 174, 2013-Ohio-2959 (being the holder of the note only at the time the complaint was filed is sufficient to have standing). *See also Fed. Home Loan Mortgage Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶11}** In *Schwartzwald,* cross-motions for summary judgment were filed, wherein the borrower argued that the plaintiff-bank lacked standing. The trial court granted summary judgment for the bank; the appellate court affirmed, stating that standing is not a jurisdictional prerequisite as it can be cured by substituting the real party in interest under Civ.R. 17(A) and holding that the bank cured the defect by having the note and mortgage assigned to it prior to the entry of judgment. *Id.* at ¶ 15. The Ohio Supreme Court reversed, finding that where the bank fails to establish an interest in the note or mortgage at the time the complaint was filed, it had no standing to invoke the jurisdiction of the common pleas court. *Id.* at ¶ 28.

**{¶12}** In explaining its decision, the Court first pointed to Article IV, Section 4(B) of the Ohio Constitution which provides that the common pleas court has "such original jurisdiction over all justiciable matters * * * as may be provided by law." *Id.* at ¶ 20. The question of standing involves the question of whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Id.* at ¶ 21. Standing was described as part of the "common understanding" of what it takes to make a justiciable case. *Id.* at ¶ 22.

**{¶13}** The Court explained that it has previously recognized that standing is a "jurisdictional requirement" and that a party who lacks standing cannot "invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *Id.* at ¶ 22. Moreover, standing to invoke the jurisdiction of the court depends on the state of things at the time the complaint is filed so that post-filing events concerning standing can be disregarded. *Id.* at ¶¶ 24-27.

**{¶14}** The Court reviewed Civ.R. 17(A) and held that this real-party-in-interest rule deals with proper party joinder rather than standing. *Id.* at ¶¶ 32-34. The Court stated that a party cannot rely on a procedural rule to cure a lack of standing at the commencement of litigation and thus cannot use Civ.R. 17(A) to cure a lack of standing by obtaining an interest in the subject of the litigation after commencement of the action. *Id.* at ¶¶ 37-40 (lack of standing at commencement of foreclosure action requires dismissal, albeit without prejudice).

**{¶15}** The Court concluded: "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Id.* at ¶ 41. "Civ.R. 17(A) does not change this principle, and a lack of standing at the outset of litigation cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Id.*

**{¶16}** Shingleton advances three arguments that Bank of America did not have standing. The first concerns Countrywide Home Loans. Shingleton's original lender was Countrywide Home Loans, Inc. However, in its foreclosure complaint, Bank of America indicated that it was a successor by merger of an entity formerly known as Countrywide Home Loans Servicing, LP. Second, relying on *Horn*, Shingleton argues that Bank of America lacked standing because it failed to attach the merger documents to its foreclosure complaint. Third, Shingleton argues that the assignment of the mortgage from Mortgage Electronic Registrations Systems, Inc. (MERS) to Bank of America was invalid because MERS was without authority to execute such an assignment.

**{¶17}** Regardless of whether Shingleton's motion to vacate was analyzed under Civ.R. 60(B) or under the common law, the motion could not be sustained because Bank of America clearly had standing to bring the foreclosure action. Turning to Shingleton's three principal arguments concerning Bank of America's standing, they each fall short of merit.

**{¶18}** First, whether Bank of America was a successor by merger to Countrywide Home Loans, Inc. or Countrywide Home Loans Servicing, LP is of no consequence. The holder of a note has standing to foreclose. *Deutsche Bank Natl. Trust Co. v. Santisi*, 11th Dist. No. 2013-T-0048, 2013-Ohio-5848, ¶ 23. In this case, Bank of America attached to its foreclosure complaint a copy of Shingleton's note which bore a blank indorsement.

**{¶19}** "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Civ.R. 10(D)(1). In a foreclosure case, "Civ.R.10(D) requires copies of the mortgage deeds and notes to be attached to complaints in foreclosure." *Beneficial Mtge. of Ohio v. Jacobs,* 2d Dist. No. 01CA0080, 2002-Ohio-3162, ¶ 10.

**{¶20}** R.C. 1303.25(B) states: "'Blank indorsement' means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Therefore, given the blank indorsement, Bank of America's attachment of a copy of the note to its foreclosure complaint met the pleading requirements and was satisfactory proof to establish itself as holder of the note with standing to enforce it. *Santisi*, *supra*.

**{¶21}** Second, Shingleton argued that Bank of America lacked standing because it failed to attach the merger documents to its foreclosure complaint, citing *Wells Fargo Bank N.A. v. Horn*, 9th Dist. No. 12CA010230, 2013-Ohio-2374, in support. Shingleton's reliance on *Horn* in this regard is misplaced.

**{¶22}** In *Horn*, the original lender was Norwest Mortgage, Inc. *Id*. at ¶ 2. Wells Fargo initiated the foreclosure complaint, and identified itself as the "successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc." *Id*. at ¶ 12. However, no documents evidencing a merger or name change were attached to the

complaint. *Id.* Wells Fargo later attached those documents to its motion for summary judgment. *Id.* ¶ 13. The Ninth District reversed the trial court's award of summary judgment, and ordered the complaint dismissed without prejudice holding that Wells Fargo "was required to demonstrate that it had standing to invoke the jurisdiction at the time the complaint was filed, and it failed to do so in the complaint and the documents attached thereto." *Id.*

**{¶23}** In this case, Bank of America attached to its foreclosure complaint a copy of the note which contained a blank indorsement and a copy of the mortgage along with an assignment of the mortgage directly to it as Bank of America. Therefore, the identity of Bank of America's predecessors was inconsequential to its current status as holder of the note and mortgage. Bank of America's reference in the caption of its complaint to its predecessors was superfluous and, given Ohio's liberal notice pleading rules, cannot be said to render the complaint defective.

**{¶24}** Shingleton's third main argument is that the assignment of the mortgage from MERS to Bank of America was invalid because MERS was without authority to execute such an assignment. Shingleton cites a concurring opinion from *BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. No. CA2012-01-001, 2012-Ohio-5006, ¶ 49 (Ringland, J., concurring), in support. Judge Ringland questioned the ability of MERS to simultaneously act as a nominee and a principal and whether that severed the note from the mortgage. Shingleton's argument in this regard is flawed for two reasons. First, this court has acknowledged the validity of mortgage assignments involving MERS and concluded that they do not affect a successor's standing as the real party in interest. *See Bank of New York Mellon v. Roarty*, 7th Dist. No. 10-MA-42, 2012-Ohio-1471, ¶ 46. Second, this court has held that the party seeking to foreclose need only be holder of the note and need not to have had the mortgage assigned it. *Citimortgage, Inc. v. Loncar*, 7th Dist. No. 11 MA 174, 2013-Ohio-2959, ¶¶ 15-16. Here, Bank of America presented a copy of Shingleton's note bearing a blank indorsement. That alone gave it standing to foreclose, regardless of the validity of the assignment of the mortgage to it.

**{¶25}** We turn now to address the trial court's procedural treatment of this case below. Shingleton does not argue that the trial court abused its discretion by failing to grant her relief pursuant to Civ.R. 60(B). Instead, she argues that the trial court should have used its inherent authority under common law to vacate a void judgment.

**{¶26}** Based on her supposition that Bank of America did not demonstrate that it had standing as the real party in interest at the time it filed the foreclosure action by failing to attach the merger documents to its complaint, Shingleton maintains that the trial court lacked subject-matter jurisdiction to enter the default judgment. Shingleton contends that the default judgment was, therefore, void ab initio. Hence, in that situation, she believes that the court has inherent authority to vacate a void judgment irrespective of the three requirements of Civ.R. 60(B) as established in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), i.e., demonstration of one of the grounds for relief described in Civ.R. 60(B)(1) through (5); a meritorious defense; and timeliness.

**{¶27}** In response, Bank of America argues that, assuming it did not have standing, such fact would render the foreclosure judgment voidable, not void. Based on its interpretation of the foreclosure judgment as voidable, not void, Bank of America argues that the trial court's common-law authority to vacate a void judgment outside the requirements of Civ.R. 60(B) was inapplicable to the foreclosure judgment in this case. As it pertains to Civ.R. 60(B), Bank of America argues that Shingleton has waived any argument that the trial court's ruling on her motion to vacate was in error because she confines her argument to the common-law motion to vacate.

**{¶28}** In support of its argument that the trial court's subject matter jurisdiction was not at issue when Shingleton filed her motion to vacate, Bank of America cites a similar case from the Tenth District in *Deutsche Bank Natl. Trust Co. v. Finney*, 10th Dist. Nos. 13AP-198 & 13AP-373, 2013-Ohio-4884. *Finney* also involved a mortgagor seeking to vacate a default judgment of foreclosure obtained by the plaintiff-bank.

The mortgagor filed a joint motion for relief from judgment under Civ.R. 60(B) and a common-law motion to vacate arguing that the bank did not have standing at the time it filed the complaint, citing *Schwartzwald*, *supra*. The Tenth District held "that a default judgment issued in a case on which the plaintiff lacked standing is, at best, voidable and not void." *Finney* at ¶ 26. Therefore, the Tenth District determined that the trial court had correctly refused to exercise its inherent authority to vacate a void judgment because the default judgment was not void. The Ohio Supreme Court has accepted an appeal of *Finney* and certified that a conflict exists as to the issue of whether such a judgment is void or voidable. *Deutsche Bank Natl. Trust Co. v. Finney*, 10th Dist. Nos. 13AP-198 & 13AP-373, 2013-Ohio-4884, motion to certify allowed and appeal allowed, 138 Ohio St.3d 1447, 2014-Ohio-1182.

**{¶29}** While the Tenth District case is instructive, this court already directly addressed this issue in *CitiMortgage, Inc. v. Fishel*, 7th Dist. No. 11 MA 97, 2012-Ohio-4117. *Fishel* also involved a mortgagor seeking to vacate a default judgment of foreclosure alleging that the plaintiff-bank did not have standing to initiate and litigate the foreclosure action. In *Fishel*, this court held that "lack of standing to initiate a foreclosure action does not raise a question of subject matter jurisdiction and does not void an otherwise valid judgment." *Id.* at ¶ 6. Consequently, this court found that the mortgagor could not avoid the procedural requirements of Civ.R. 60(B). *Id.*

**{¶30}** Therefore, in this case, the trial court was not required to exercise its inherent authority to consider Shingleton's common-law motion to vacate since the foreclosure judgment was not void pursuant to this court's precedent in *Fishel*. Even so, it bears mentioning that the trial court generously gave consideration to Shingleton's motion under both the common-law approach *and* pursuant to Civ.R. 60(B).

**{¶31}** In the September 23, 2013 "joint entry" denying Shingleton's motion to vacate, the trial court made only two specific findings:

> THIS COURT FINDS that Shingleton's claims pursuant to Civ.R. 60(B) are not well-taken. This Court finds that there was no meritorious

defense to the foreclosure action, that Shingleton is not entitled to relief under one of the grounds pursuant to Civ.R. 60(B) and that Shingleton failed to establish the motion was not made within a reasonable amount of time.

THIS COURT FURTHER FINDS that it had jurisdiction to act in this case, that Plaintiff had standing and that the decision of the Ninth District Court of Appeals in *Horn* is not persuasive and is, moreover, inapplicable to the case at hand. Plaintiff alleged that it was in possession of the original promissory note endorsed in blank and was the assignee of the mortgage.

**{¶32}** In making her argument that the trial court erred in using Civ.R. 60(B) to rule on her common-law motion to vacate, Shingleton focuses solely on the court's first finding. However, as indicated, the trial court made two findings which reflect that the trial court considered Shingleton's motion under both the common-law approach and pursuant to Civ.R. 60(B). While the first finding plainly indicates the trial court's consideration of Shingleton's motion under Civ.R. 60(B), the court's second finding addresses Bank of America's standing which was the crux of Shingleton's common-law motion to vacate.

**{¶33}** In sum, irrespective of whether Shingleton's motion is analyzed under Civ.R. 60(B) or as a common-law motion to vacate, the record clearly demonstrates that Bank of America met the pleading requirements that it had standing to foreclose. It attached to its foreclosure complaint a copy of Shingleton's note bearing a blank indorsement and a copy of the mortgage along with a copy of the assignment of the mortgage directly to it. The reference in the caption of Bank of America's foreclosure complaint to its predecessors was surplusage. Nonetheless, lack of standing to initiate a foreclosure action renders the judgment voidable, not void. Therefore, the trial court was required to examine Shingleton's motion to vacate only under Civ.R. 60(B), even though it generously gave consideration to it under both the rule and common law.

**{¶34}** Accordingly, Shingleton's sole assignment of error is without merit.

**{¶35}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.