[Cite as *Deutsche Bank Natl. Trust v. Black*, 2014-Ohio-4013.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEUTSCHE BANK<br>NATIONAL TRUST | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13-COA-043 |
| DAMON A. BLACK, ET AL. | |
| | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of
Common Pleas, Case No. 11-CFR-051

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:       September 11, 2014

APPEARANCES:

For Plaintiff-Appellee                      For Defendants-Appellants

ROSE MARIE L. FIORE                   BRUCE M. BROYLES
JAMES W. SANDY                          5815 Market Street, Suite 2
McGlinchey Stafford                       Boardman, Ohio 44512
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122

LAURA C. INFANTE
4500 Courthouse Blvd., Suite 400
Stow, Ohio 44224

*Hoffman, P.J.*

{¶1} Defendants/appellants Damon A. Black and Melissa C. Black ("the Blacks") appeal the December 10, 2013 Judgment Entry entered by the Ashland County Court of Common Pleas, which denied their motion to vacate that court's previous grant of summary judgment in favor of plaintiff/appellee Deutsche Bank National Trust ("Deutsche Bank") on its complaint for foreclosure.

## STATEMENT OF THE CASE[1]

{¶2} Deutsche Bank filed its complaint for foreclosure against the Blacks on February 14, 2011.  Following the Blacks answer, the case was sent to mediation.

{¶3} On May 10, 2012, Deutsche Bank filed a motion for summary judgment. The Blacks filed their opposition.  On May 31, 2012, the trial court granted Deutsche Bank summary judgment.  No direct appeal was filed.

{¶4} Following the Blacks filing of a Notice of Bankruptcy, and later the vacation of the bankruptcy stay, the Blacks filed a motion to vacate the trial court's decree of foreclosure on September 13, 2013.  The trial court overruled the motion on December 10, 2013.  It is from that judgment entry the Blacks prosecute this appeal assigning as error:

{¶5} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO VACATE."

{¶6} Herein, the Blacks challenge Deutsche Bank's standing to file its complaint for foreclosure asserting its lack of standing rendered the trial court without subject matter jurisdiction; therefore the judgment was void.

---

[1] A rendition of the facts is unnecessary for our resolution of this appeal.

**{¶7}** This Court has repeatedly held lack of standing does not deprive a trial court of subject matter jurisdiction. See *Wells Fargo Bank N.A. v. Arlington* (Ohio App.5th Dist.), 2013-Ohio-4659; *Wells Fargo Nat'l. Assn. v. Elliott* (Ohio App.5th Dist.), 2013-Ohio-3690; *Chase Home Finance, LLC v. Lindenmayer,* (Ohio App.5th), 2014-Ohio-1041*.* Other districts have reached the same conclusion. See *Bank of Am. N.A. v. Miller* (Ohio App.7th Dist.), 2014-Ohio-2932; *Deutsche Bank Nat'l. Trust Co. v. Finney* (Ohio App.10th Dist.), 2013-Ohio-4884; *HSBC Bank USA, N.A. v. Bailey* (Ohio App.11th Dist.), 2014-Ohio-246; *LaSalle v. Brown* (Ohio App.2nd Dist.), 2014-Ohio-3261.

**{¶8}** In *Lindenmayer*, supra, this Court held the failure of a defendant to challenge the issue of standing via direct appeal results in a subsequent motion to vacate based thereon being barred by *res judicata*. Applying *Lindenmayer* to the case sub judice, we find the Blacks' standing argument is likewise barred by *res judciata*.

**{¶9}** Appellants' assignment of error is overruled.

**{¶10}** The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur