[Cite as *Chase Home Fin. v. Mentschukoff*, 2014-Ohio-5469.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-G-3205** |
| ANDREJ MENTSCHUKOFF, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 08 F 001038.

Judgment: Affirmed.

*Anne Marie Sferra* and *Nelson M. Reid,* Bricker & Eckler, L.L.P., 100 South Third Street, Columbus, OH 43215 (For Plaintiff-Appellee).

*Sam Thomas, III,* Sam Thomas, III and Associates, LLC, 1510 East 191st Street, Euclid, OH 44117 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Andrej Mentschukoff, appeals from the April 3, 2014 Judgment Entry of the Geauga County Court of Common Pleas, denying his Motion to Set Aside Judgment and for Leave to Plead Instanter. The issues before this court are whether plaintiff-appellee, Chase Home Finance's (Chase), alleged lack of standing rendered the Decree of Foreclosure void, whether the trial court had subject matter jurisdiction, and whether a court is required to give notice to an individual in default

judgment proceedings when he has not entered an appearance in the case. For the following reasons, we affirm the judgment of the court below.

{¶2} On September 24, 2008, Chase filed a Complaint in Foreclosure in the Geauga County Court of Common Pleas against Mentschukoff, the Geauga County Treasurer, Mortgage Electronic Registration Systems (MERS), and Jane Doe.

{¶3} Chase alleged that it was "the holder of a note, a copy of which is currently unavailable" and that the mortgage was in default. A copy of the mortgage was attached to the Complaint, which listed Howard Hanna Mortgage Services as the lender and MERS as the nominee for the lender. The Complaint alleged that the mortgage had been assigned to Chase.

{¶4} On October 24, 2008, the Geauga County Treasurer filed his Answer to the Complaint.

{¶5} On November 12, 2008, Chase filed an Affidavit of Status of Account, sworn to by Cindy A. Smith, "Assistant Secretary" with Chase. Smith attested that, by virtue of her employment, she "has the custody of and has personal knowledge of the accounts of said company, and specifically with the account of Andrej Mentschukoff." Smith stated that "the account is in default" and that the principal balance owed by Mentschukoff was $180,833.65.

{¶6} On the same date, Chase filed a Motion for Default Judgment against Mentschukoff.

{¶7} The trial court issued an Order on December 1, 2008, scheduling the Motion for Default Judgment for hearing on January 29, 2009.

{¶8} On February 9, 2009, the trial court issued a Judgment and Decree in Foreclosure. The court determined that Mentschukoff was properly served and was "in

2

default of Motion or Answer." The court found that "the allegations contained in the Complaint are true," Mentschukoff owed a balance of $180,833.65, and "the conditions of [the] Mortgage have been broken and plaintiff is entitled to have the equity of redemption of the defendant-titleholders foreclosed."

{¶9} On March 24, 2014, Mentschukoff filed a Motion to Set Aside Judgment and for Leave to Plead Instanter, pursuant to Civ.R. 60(B). He asserted that he had been unaware of the need to file an answer to the Complaint, since he had been actively negotiating the matter with Chase. He alleged that Chase did not attach an assignment transferring the interest in the mortgage from Howard Hanna to MERS, and that the Complaint was filed prior to a proper assignment. He concluded that Chase did not have standing at the time of the filing of the Complaint and the judgment of foreclosure was void. Finally, he argued that fraud was committed when a certain individual claimed to be an employee of MERS when signing an assignment but was not employed by MERS.[1]

{¶10} The trial court denied the Motion to Set Aside Judgment in an April 3, 2014 Judgment Entry. The court held that Mentschukoff's statements and conclusions regarding any alleged "misdeeds" of Chase were not supported by evidence.

{¶11} Mentschukoff timely appeals and raises the following assignments of error:

{¶12} "[1.] The trial court erred to the prejudice of the appellant by entering judgment in favor of the appellee and denying the motion to set aside as the decree of foreclosure is void pursuant to the Schwartzwald decision.

---

1. Although Mentschukoff cited deposition testimony in support of this claim, no such depositions were part of the record in this case.

3

{¶13} "[2.] The trial court erred to the prejudice of the appellant by granting and upholding the default judgment without providing proper, constitutional notice of hearing and opportunity to the appellant to be heard and defend the matter.

{¶14} "[3.]   Reviewing the trial court's denial of the appellant's motion to set aside the default judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of appellant by denying his motion."

{¶15} We will consider the first and third assignments of error jointly, as they raise similar issues.

{¶16} In his first assignment of error, Mentschukoff argues that Chase did not have standing to bring the foreclosure action, since the assignment of the mortgage was completed after the Complaint was filed.  He asserts that this resulted in the failure to properly invoke the jurisdiction of the court and renders its judgment void, an issue he argues can be raised at any time, pursuant to his interpretation of *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.  In his third assignment of error, Mentschukoff raises similar arguments and asserts that the trial court erred in failing to set aside the default judgment, based on legal and equitable concerns, since Chase was not the holder of the note.

{¶17} Chase argues that default judgment is final, and issues relating to standing are barred by res judicata.  It also asserts that the trial court did not lack subject matter jurisdiction, citing precedent from this court.  *Deutsche Bank Natl. Trust Co. v. Santisi*, 11th Dist. Trumbull No. 2013-T-0048, 2013-Ohio-5848.

{¶18} "An appellate court reviews a judgment entered on a Civ.R. 60(B) motion for an abuse of discretion."  *Am. Express Bank, FSB v. Waller*, 11th Dist. Lake No. 2011-L-047, 2012-Ohio-3117, ¶ 11. A determination as to whether the trial court has

subject-matter jurisdiction, however, is a question of law reviewed de novo. *Smith v. Dietelbach*, 11th Dist. Trumbull No. 2011-T-0007, 2011-Ohio-4308, ¶ 14.

{¶19} The issue here is whether the trial court had jurisdiction to enter the Decree of Foreclosure, based on Chase's purported lack of standing. The Complaint alleged that Chase was the holder of the note and, following the recording of the mortgage, it was assigned to Chase. As Mentschukoff did not deny these averments in a responsive pleading, they must be taken as "admitted." Civ.R. 8(D). Chase's allegation is legally sufficient to establish Chase's standing to foreclose as the holder of the note. *Santisi* at ¶ 23.

{¶20} Chase was not required to establish its standing beyond the allegations of the Complaint. A default judgment is "based upon admission and * * * therefore obviates the need for proof." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 122, 502 N.E.2d 599 (1986); *Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, ¶ 38.

{¶21} Mentschukoff cites *Schwartzwald* as justification for his arguments regarding Chase's lack of standing. In that case, the Ohio Supreme Court held that a mortgagee did not have standing to invoke the jurisdiction of the common pleas court "because it failed to establish an interest in the note or mortgage at the time it filed suit." *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 28. *Schwartzwald* is distinguishable from the present case, since it did not involve a default judgment. The court did not consider the issue of whether standing was deemed admitted by the defendant and, thus, established by the filing of the Complaint, as is the case here.

5

{¶22} Mentschukoff failed to properly contest Chase's standing.  He did not appear or answer the Complaint, filed on September 24, 2008.  Chase moved for default judgment and, on February 9, 2009, the trial court entered its Judgment and Decree in Foreclosure.  The Decree in Foreclosure was a final judgment.  Mentschukoff did not file his Motion to Set Aside until March 24, 2014, more than five years after the Decree of Foreclosure.

{¶23} While Mentschukoff argues that, pursuant to *Schwartzwald*, the alleged lack of standing deprived the court of subject-matter jurisdiction and this issue can be raised at any time, we disagree.  This argument has been addressed and rejected by this court.  *Santisi*, 2013-Ohio-5848, at ¶ 33-38; *HSBC Bank USA, Natl. Assn. v. Bailey*, 11th Dist. Trumbull No. 2012-T-0086, 2014-Ohio-246, ¶ 29.

{¶24} *Schwartzwald* states that "standing to sue is required to invoke the jurisdiction of the common pleas court," but did not hold that the court lacked subject-matter jurisdiction where a party did not have standing.  134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 24.  There is "a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it."  *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10.  In the recent decision of *Bank of Am., N.A. v. Kuchta*, __ Ohio St.3d __, 2014-Ohio-4275, __ N.E.3d __, the Ohio Supreme Court clarified the *Schwartzwald* holding as it related to the issue of jurisdiction and standing.  The court held that "[a]lthough standing is required in order to invoke the jurisdiction of the court of common pleas over a particular action, lack of standing does not affect the subject-matter jurisdiction of the court."  *Id.* at paragraph three of the syllabus, ¶ 21 and 24 (further holding that a lack of standing does not render the court's judgment void and

6

rejecting the argument that the "use of the term 'jurisdiction' in *Schwartzwald* necessarily connoted 'subject-matter jurisdiction'").

**{¶25}** In the present case, the trial court had subject matter jurisdiction of the action and the parties. Assuming, arguendo, that Chase improperly invoked that jurisdiction by lacking the requisite standing to sue, the court's judgment is merely voidable, not void ab initio, since it is an error in the exercise of jurisdiction and not due to "want of jurisdiction in the first instance." (Citation omitted.) *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999); *Pratts* at ¶ 12. *Schwartzwald* merely stated that standing may be raised "at any time during the pendency of the proceedings." (Citation omitted.) *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 22. "[A]fter a judgment entry grants a decree of foreclosure and order of sale, the matter is no longer pending." *Santisi* at ¶ 37, citing *Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, syllabus. The challenge to standing in this case was not raised until several years after the Decree of Foreclosure was filed and became final. Such claims should not be permitted to be made in perpetuum.

**{¶26}** Mentschukoff cannot now raise a challenge under Civ.R. 60(B) or additional arguments as to why the standing requirements were not met when he failed to file a response during the proceedings and a direct appeal. *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383, ¶ 19 (the defendant should have contested standing in an appeal from the decree of foreclosure rather than "raising it in a belated Civ.R. 60(B) motion"). A default judgment "is a final determination of the rights of the parties." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). It is well established that "[a] party may not use a

Civ.R. 60(B) motion as a substitute for a timely appeal" from a final judgment. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. In its recent decision in *Kuchta*, the Supreme Court held that "lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment," and noted that "the doctrine of res judicata applies to bar a party from asserting lack of standing in a motion for relief from judgment." *Id.* at paragraph two of the syllabus, ¶ 1 and 8 ("a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal from the judgment in foreclosure on the issue of standing").

{¶27} It is also worth emphasizing that the timeliness of Mentschukoff's 60(B) motion is questionable, given the delay of five years in filing it, and that it raises an issue, the lack of standing, which would have been apparent during the foreclosure proceedings. Under Civ.R. 60(B)(4) and (5), the grounds raised in the motion, it was required to be "made within a reasonable time." The fact that Mentschukoff did not realize he needed to respond to the Complaint/lawsuit is not an excuse for such a lengthy delay.

{¶28} Mentschukoff's arguments in his third assignment of error that MERS did not have the capacity or ability to assign the mortgage, that Chase failed to show it was the bearer of the note, and that the loan may have been securitized into a trust, all relate to Chase's standing to foreclose. For the foregoing reasons, these should have been raised during the pendency of the proceedings.

{¶29} The first and third assignments of error are without merit.

{¶30} In his second assignment of error, Mentschukoff asserts that his Civ.R. 60(B) Motion was improperly denied, since, in addition to the standing issue discussed

8

above, he was not given notice of a hearing prior to the entry of default judgment and "[i]t was no longer equitable for the judgment to have prospective application."

{¶31} Chase argues that Mentschukoff failed to provide grounds for relief pursuant to Civ.R. 60(B)(4). Regarding Mentschukoff's alleged grounds for 60(B)(5) relief, which related to the opportunity to be heard before granting default judgment, a hearing was held and Mentschukoff was given notice, but failed to appear.

{¶32} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment * * * was entered or taken." *GTE Automatic Elec.*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus.

{¶33} Regarding Mentschukoff's contention under Civ.R. 60(B)(4), it is unclear what specific basis for relief is being argued. He asserts that "it was no longer equitable for the judgment to have prospective application." To the extent that this relates to the standing issue, as noted above, this was not properly raised in a Civ.R. 60(B) motion.

{¶34} Mentschukoff's main contention within this assignment of error is that, under Civ.R. 60(B)(4) and (5), the court should vacate its judgment because he was not given notice of his right to attend a default judgment hearing and no such hearing was set or held.

{¶35} A judgment is properly vacated under Civ.R. 60(B) when a party who enters an appearance does not receive notice of default judgment. *MCS Acquisition Corp. v. Gilpin*, 11th Dist. Geauga No. 2011-G-3037, 2012-Ohio-3018, ¶ 25. Notice was

9

not required in the present matter, however, since there is no question that Mentschukoff failed to appear before the trial court, filing no pleadings or documentation whatsoever.

{¶36} Even so, the December 1, 2008 Order setting a date for the hearing indicates that a copy was to be provided to Mentschukoff. Furthermore, although Mentschukoff contends no hearing was set or held, that Order indicates that a hearing was set for January 29, 2009, and the record does not show that such a hearing was not held.

{¶37} For these reasons, since there was no error in entering default judgment, the court also properly denied the Motion to Set Aside Judgment on this ground.

{¶38} The second assignment of error is without merit.

{¶39} For the foregoing reasons, the Judgment Entry of the Geauga County Court of Common Pleas, denying Mentschukoff's Motion to Set Aside Judgment and for Leave to Plead Instanter, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.